**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2643-24

BENNY OMIUNU,

     Plaintiff-Respondent,

v.

PETER LU,

     Defendant-Appellant.

_____

> Argued May 6, 2026 – Decided July 2, 2026
>
> Before Judges Smith and Jablonski.
>
> On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Docket No. DC-004413-24.
>
> Peter Lu, appellant, argued the cause on appellant's behalf.
>
> Benny Omiunu, self-represented respondent.

PER CURIAM

     Defendant, Peter Lu ("Landlord") appeals from an order of the Law

Division, Special Civil Part, which entered judgment against him following a

bench trial and awarded plaintiff, Benny Omiunu ("Tenant") $8,969.97 and costs. The trial court found the deductions Landlord made from Tenant's security deposit were wrongfully retained, and held Landlord liable for double the amount withheld according to N.J.S.A. 46:8-21.1. We find no basis to disturb the trial court's factual findings or legal conclusions and, therefore, affirm the judgment.

I.

In July 2023, Tenant entered into a lease agreement with Landlord for a house in Hamburg. The lease began on August 1, 2023, with a monthly rent of $3,400 and required a $5,100 deposit. According to the lease, Tenant was required to maintain the property in good condition. Additionally, if Tenant chose not to renew the lease when it expired, she agreed to allow Landlord or Landlord's agent to show the property to prospective tenants at least seventy-five days before the end of her occupancy, with a minimum of three hours' advance notice. The lease further stated that any violation of these provisions would constitute a breach and could result in deductions from the security deposit.

Upon taking occupancy, Tenant immediately contacted Landlord to express concern the premises were not sufficiently cleaned -- contrary to

2

Landlord's representation that the property would be move-in ready. Tenant text messaged Landlord and included several photographs to document maintenance issues in various rooms. Tenant chose to clean the premises and address the maintenance issues herself, testifying that her sole intent was to avoid being held responsible for pre-existing conditions upon moving out. Although Landlord offered to inspect the property, Tenant declined, opting instead to document the condition of the home before and after cleaning.

In late April 2024, Tenant notified Landlord she would not renew the lease, which was set to end in July. Soon thereafter, Landlord exercised his right to show the property. The parties mutually agreed to modify the lease's requirements regarding property showings, reducing the notice period to forty-five days with twenty-four to forty-eight hours' advance notice, due to an injury Tenant suffered which required both substantial hospitalization and in-home convalescence. Landlord's real estate company showed the property to several prospective renters. Tenant vacated the property on August 1, 2024 and a new Tenant took possession on September 1, 2024.

On August 27, 2024, Landlord corresponded with Tenant detailing reductions from Tenant's security deposit. Specifically, Landlord deducted $4,720 from the $5,100 deposit for alleged breaches of the lease and repair

3

costs, added $64.06 in accrued interest, and returned $444.06 to Tenant. In response, Tenant sued to recover the full amount of the deposit she paid.

After a bench trial in the Special Civil Part, where both parties represented themselves, the trial judge concluded that Landlord was only entitled to deduct $425 from the deposit and addressed the consequences of Landlord's wrongful withholding under the Rent Security Deposit Act (RSDA), N.J.S.A. 46:8-19 to -26.

In his oral opinion, the judge assessed the credibility of the witnesses and found that Landlord's deduction of one month's rent was improper because it did not result from a breach of the lease. The judge noted that the parties agreed to modify the lease terms regarding property showings, and despite the shortened notice period, the property was successfully re-rented on the date Tenant's lease ended with a new occupant as of September 1. The court also reviewed Landlord's itemized deductions for repairs he alleged were necessary, considering each entry and determining which charges were reasonable and which were not.

Ultimately, the judge concluded Landlord should have only properly withheld $425 and wrongfully retained the remaining portion of the security deposit. The judge deducted that calculated amount from the security deposit

4

and accounted for the amount refunded to Tenant. Then, the judge doubled the remaining balance as required by N.J.S.A. 46:8-21.1 and entered judgment against Landlord for $8,969.97.

On appeal, Landlord argues the trial court wrongly rejected a valid lease-based deduction for rental loss, ignored key evidence, and miscalculated the impact of the delay in showing the property which resulted in damages and justified the reduction of Tenant's security deposit.

II.

We "review a 'trial court's determinations, premised on the testimony of witnesses and written evidence at a bench trial in accordance with a deferential standard.'" Nelson v. Elizabeth Bd. of Educ., 466 N.J. Super. 325, 336 (App. Div. 2021) (quoting D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013)); Mountain Hill, L.L.C. v. Twp. of Middletown, 399 N.J. Super. 486, 498 (App. Div. 2008) (noting appellate courts "do not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence" (quoting State v. Barone, 147 N.J. 599, 615 (1997))). We will "'not disturb the factual findings and legal conclusions of the trial judge' unless convinced that those findings and those conclusions were 'so manifestly unsupported by or inconsistent with the competent, relevant[,] and reasonably credible evidence

5

as to offend the interests of justice.'"  Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015) (quoting Rova Farms Resort v. Invs. Ins. Co. of Am., 65 N.J. 474, 483-84 (1974))  "[A] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

A "lease is a contract . . . which sets forth [the parties'] rights and obligations to each other in connection with [a] temporary grant of possession of [one party's] property to [the other party]."  Town of Kearny v. Disc. City of Old Bridge, Inc., 205 N.J. 386, 411 (2011).  "It is well-settled that '[c]ourts enforce contracts "based on the intent of the parties, the express terms of the contract, surrounding circumstances[,] and the underlying purpose of the contract."'"  Barilia v. Bd. of Educ. of Cliffside Park, 241 N.J. 595, 615-16 (2020) (first alteration in original) (quoting In re County of Atlantic, 230 N.J. 237, 254 (2017)).

The RSDA provides that a Landlord may not require at the initial lease a security deposit that exceeds one-and-a-half times the amount of one month's rent.  N.J.S.A. 46:8-21.2.  The RSDA also "recognizes that the security deposit

6

remains the Tenant's money, although it is designed to provide some protection from loss to the Landlord." Hale v. Farrakhan, 390 N.J. Super. 335, 342 (App. Div. 2007) (quoting MD Assocs. v. Alvarado, 302 N.J. Super. 583, 586 (App. Div. 1997)).

A Landlord must retain the security deposit in a separate interest-bearing account and notify the Tenant, in writing, where the funds are being held within thirty days of the receipt of the security deposit. N.J.S.A. 46:8-19(b) and (c). Further, the RSDA requires "[w]ithin [thirty] days after the termination of the Tenant's lease or licensee's agreement, the owner or lessee shall return . . . the sum so deposited . . . less any charges expended in accordance with the terms of a contract, lease, or agreement, to the Tenant . . . ." N.J.S.A. 46:8-21.1.

According to N.J.S.A. 46:8-21.1, a Landlord must pay a penalty of "double the net amount of money wrongfully withheld from the Tenant by the Landlord." Kang In Yi v. Re/Max Fortune Props., Inc., 338 N.J. Super. 534, 538 (App. Div. 2001). "Once a court finds [] a Landlord wrongfully withheld all or a portion of a security deposit, the Tenant cannot reasonably be entitled to statutory damages exceeding twice the amount wrongfully withheld." Ibid. Thus, "the Tenant's damages under the statute are to be calculated based upon

the total due him [or her], not the amount of the initial deposit." Id. at 539. When there is a dispute over whether Tenant violated his or her obligations under the lease, the court is "required to 'determine the amount of th[e] offsets and, if they [a]re greater than the security deposit withheld, there [i]s no deposit to return to the Tenant. . . .'" Reilly v. Weiss, 406 N.J. Super. 71, 81 (App. Div. 2009) (first alteration in original) (quoting Penbara v. Straczynski, 347 N.J. Super. 155, 160-61 (App. Div. 2002)).

Landlord's argument that he was entitled to deduct a substantial amount from Tenant's security deposit because of her breach of the lease and the damage she caused to the property is contradicted by the record and the trial court's detailed findings of fact and credibility determinations. Our review of the lease, the evidence admitted at trial, and the parties' testimony reveals ample evidentiary support for the trial court's judgment. Deferring to the trial court's credibility assessments, factual findings, and legal conclusion, we agree with the trial court that Landlord failed to meet his burden to justify the amount retained from Tenant's security deposit.

Regarding the rent issue, the trial court found that the lease was not breached because the parties agreed to modify the lease's temporal terms to allow the property to be shown. Moreover, the property was re-rented on the

same day Tenant's lease expired. As a result, as the trial court concluded, the Landlord did not incur any damages that would justify a deduction from the security deposit.

With respect to alleged physical damages to the property, we likewise agree with the trial court that Landlord did not meet his burden to show that the deductions exceeded reasonable wear and tear. The concept of "ordinary wear and tear" must be understood in relation to the "nature, quality, and condition" of the premises at the inception of the lease. Braem v. Wash. Piece Dye Works, 100 N.J.L. 209, 210-11 (Sup. Ct. 1924); See Restatement (Second) of Prop., § 12.2 (Am. L. Inst. 1965).

According to the Landlord's letter dated August 27, 2024, Landlord claimed that $1,750 in damages were caused by Tenant. However, in his testimony, Landlord attributed only $1,350 to Tenant and acknowledged that some of the damages for which he sought reimbursement predated the tenancy. The trial court was not persuaded by the method Landlord used to calculate the alleged damages, and we are similarly unconvinced. At trial, Landlord admitted that he did not use a checklist to document the condition of the premises before the Tenant moved in, instead relying on the prior Tenant to clean the property. He also failed to inspect the premises after Tenant

9

informed him of its unsatisfactory condition upon move-in. Furthermore, Landlord testified that he did not use a checklist during the walk-through at the end of the tenancy or after Tenant vacated the premises. Given these shortcomings in documentation and the lack of inspection, we concur with the trial court that Landlord's claim for damages lacks credibility and sufficient evidentiary support.

In sum, we conclude the trial court correctly determined the amounts deducted from Tenant's security deposit were "wrongfully withheld" and the judge properly doubled the amount under the statute.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2643-24